

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. D. Baker
County Attorney
Randall County
Canyon, Texas

Dear Sir:

Opinion No. O-4756
Re: Whether County Court has
jurisdiction to try a per-
son alleged to be a lunatic
when such person is outside
county.

The substance of your recent letter together with
enclosures, is as follows:

On November 20, 1940 an adult male person, a
legal resident of Randall County, Texas enlisted in
the United States Army. He has recently been found
to have a mental disease, this finding having been
made by a board of medical officers of the United
States Army. It is further stated that in the opin-
ion of the medical staff of the Government hospital
where the person is now a patient that institutional
care will be necessary for an indefinite period, and
that the person is now totally incapacitated for fur-
ther military service. The medical board has now
recommended his discharge from the military service
and his transfer to a hospital for mental diseases.
The hospital where the person is now confined is
located outside Randall County but within the State
of Texas. The person, if discharged from military
service, would be an indigent within the meaning of
the Constitution and statutes of the State of Texas
here applicable. The military authorities have re-
quested that the County Court of Randall County as-
sume jurisdiction of the case and to designate a state
institution to receive the patient for an indefinite
period. It appears that a temporary commitment would
not be proper.

Assuming the person is insane and a legal resident
of Randall County, Texas, you request the opinion of this de-
partment as to whether the County Court of Randall County may

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. D. Baker - Page 2

assume jurisdiction of the matter as requested by the military authorities.

A lunacy inquisition is a proceeding instituted by the state primarily for the purpose of determining the question as to whether an alleged lunatic should be confined because of his danger to, and the safety of, society. This proceeding is wholly statutory. The court trying the case has only such authority as expressly given or clearly implied by the statutes, and the alleged incompetent has the right to insist on a strict compliance with every form prescribed by law for his protection.

The procedure for adjudging one not charged with crime to be a person of unsound mind and providing for his restraint is solely through the county courts; and although the state is a party to such an inquiry, the character of the proceeding is essentially civil. See Tex. Juris. Vol. 24, p. 368.

Sections 1 and 2 of Article 5561a, Vernon's Civil Statutes, reads as follows:

"Section 1. If information in writing under oath be given to any county judge that any person in his county, not charged with a criminal offense, is a person of unsound mind, and that the welfare of either such person or any other person or persons requires that he be placed under restraint, and such county judge shall believe such information to be true, he shall forthwith issue a warrant for the apprehension of such person, or, if such like information be given to any justice of the peace in such county, said justice may issue a warrant for the apprehension of said person, making said complaint and warrant returnable to the county court of said county, and said county judge in either event shall fix a time and place for the hearing and determination of the matter, either in term time or in vacation, which place shall be either at the court house of the county, or at the residence of the person named, or at any other place in the county, as the county judge may deem best for such hearing. Notice of the time, place and purpose of such hearing shall be served upon the person charged, such notice to be under the hand and seal of the county clerk of said county, and served and returned by the sheriff or a constable of such

Hon. J. D. Baker - Page 3

county, and the return to state the time and place
of service. Such notice shall be served not less
than three days prior to the day of hearing.

"Sec. 2. The warrant provided for herein shall
run in the name of 'The State of Texas', and shall
be directed to the sheriff or any constable of the
county, and the officer receiving same shall forth-
with take into custody the person named therein, and
at the designated time and place shall have him and
the return of said warrant before the county judge
for examination and trial."

After a careful consideration of the above quoted
sections of Article 5561a, which sections are applicable to
the situation outlined, it is the opinion of this department
that the person sought to be charged with lunacy must be
physically present within the county at the time of the mak-
ing of the information. Note the language used in Section
1 of Article 5561a:

"If information in writing under oath be given
to any county judge that any person in his county,
. . . is a person of unsound mind . . . he shall
issue a warrant for the apprehension of said person
. . . "

The word "resident" is not used in the section and
there is nothing to indicate that the legislature ever intended
that the county court should assume jurisdiction of such a mat-
ter when it does not appear that the person sought to be charged
is "in" the county. The county judge is without authority to
act in the matter unless it appears that the person sought to
be charged with insanity is "in his county."

There is another reason, we think, why the person
sought to be charged must be physically within the county be-
fore the county court of such county may assume jurisdiction.
The Act provides:

"Notice of the time, place and purpose of such
hearing shall be served upon the person charged . . .
and served and returned by the sheriff or any con-
stable of such county. Such notice shall be served

Hon. J. D. Baker - Page 4

not less than three days prior to the day of hearing."

This notice, being a civil process, must be served by the sheriff or constable of "such county" meaning, we think, the county wherein the information is filed. Under the applicable statutes, a sheriff or constable may not go outside his respective county to serve a civil process. If the person upon whom the notice is to be served is not within the county it then follows that he may not be served with "such notice", as required by statute. The proceedings, being purely statutory, must be conducted in strict accordance thereto.

Finally, the alleged lunatic must be present before and during the lunacy proceedings. This department so held in its Opinion No. O-1795 on June 12, 1940, which opinion is here re-affirmed.

The Constitution and laws of Texas jealously protect the liberties of the citizens of the commonwealth, and throw about each citizen, sane or insane, the safeguards of being heard in person or by attorney, or by both, before a jury of his countrymen. If the rights of any class of persons should be more closely and sacredly guarded than another, it is that unfortunate individual who, rightfully or wrongfully, is charged with having a mind diseased or a reason dethroned. Where, therefore, there is any Constitutional or statutory right or privilege conferred upon such persons, either expressly or impliedly, the courts are not inclined to disregard them.

It is therefore the considered opinion of this department, under the facts stated, the County Court of Randall County is without jurisdiction to entertain lunacy proceedings against a person outside such county, this regardless of the person's legal residence.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By E. B. Pharr

E. G. Pharr
Assistant

APPROVED AUG 25, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

EGP:PO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN